FILED
DEC 03 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AUTOMOBILE INSURANCE, COMPANY OF HARTFORD, CONNECTICUT, a Connecticut corporation,

        Plaintiff,

v.

NORMAN L. ABEL and EARL SCHUMANN,

        Defendants.

Case No. 08-CV-1004-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Opinion and Order*

    Plaintiff Automobile Insurance Company of Hartford, Connecticut ("AIC"), moves this court to reconsider certain aspects of its ruling dated June 30, 2010, and enter an order holding that there is no genuine issue of material fact regarding the origin and cause of the fire at issue in this lawsuit.

For the reasons set out below, AIC's motion for reconsideration is denied.

*Background*

In August 2008, AIC filed this lawsuit against Norman Abel ("Abel") and Earl Schuman ("Schuman") (collectively "Defendants") for damage to John and Patricia Stuart's ("Stuarts"), property, located within Unit 210 of the Summit Condominiums in Lake Oswego, Oregon, caused by a fire that originated in Abel's neighboring Unit 202 on August 29, 2006. AIC insured the Stuarts against fire damage to the real and personal property located within Unit 210.

Subsequent to the fire, Fire Department Emergency Medical Services Coordinator and Deputy Fire Marshall Steven Wayne DeHart ("DeHart"), along with other Lake Oswego Fire Department staff ("Fire Department"), conducted a physical examination of the fire scene to determine the cause of the fire. DeHart testified that after two days of investigating the origin of the fire, the Fire Department found no smoking paraphernalia such as cigarette butts, lighters, matches, or ashtrays, and was unable to determine on a more likely than not basis the cause of the fire. However, a private fire investigator, Ryan B. Fields ("Fields"), hired by AIC to investigate the cause of the fire, determined that the fire was more likely than not the result of Dedrea Decker's ("Decker") careless smoking. Dedrea Decker lived with Abel in Unit 202.

AIC moved for partial summary judgment arguing that there was no genuine issue of material fact regarding the cause of the fire. Defendants contested the cause of the fire. After considering AIC's motion, this court determined that because DeHart's and Fields's expert opinions regarding the cause of the fire conflicted and because Fields's opinion was too conclusory to support a motion for summary judgment, AIC was not entitled to summary judgment regarding the cause of the fire. *See* Opinion and Order, June 30, 2010 (Docket No. 45).

AIC's motion for reconsideration asks the court to modify its denial of AIC's motion for partial summary judgment regarding the cause of the fire. AIC argues that this court committed clear error in not accepting its exhibit, *NFPA 921 Guide for Fire & Explosion Investigations* ("NFPA 921"), as a reliable source for determining the cause of a fire, which decision caused the court to commit further error in determining that Fields's opinion was too conclusory to support a motion for summary judgment.

*Legal Standard*

A party may seek reconsideration of a ruling on a summary judgment motion under either FED. R. CIV. P. 59(e) or FED. R. CIV. P. 60(b). A motion for reconsideration under FED. R. CIV. P. 59(e) must be filed no later than 28 days after the entry of a judgment while motions under FED. R. CIV. P. 60(b) must be filed within a reasonable time, with an outside limit of one year after entry of judgment for motions brought under subsections (1) through (3) of Rule 60(b).

The district court generally applies the same analysis under both rules, and its decision is reviewed for abuse of discretion. *See Fidelity Federal Bank, F.S.B. v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991) (discussing Rule 59(e)). Three major grounds justify reconsideration: "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)). Reconsideration is the exception; as the Ninth Circuit has observed, reconsideration is warranted only by these and "[o]ther, highly unusual,

circumstances." *School Dist. No. 1J*, 5 F.3d at 1263. *See also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (noting that Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources,'" *citing* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)).

Rule 60(b)(1) specifically allows a court to correct a final judgment where the judgment was based on "mistake, inadvertence, surprise, or excusable neglect." However, the parties are limited to the arguments previously made and addressed by the court. "A motion for reconsideration is an improper vehicle to tender new legal theories not raised in opposition to summary judgment." *All Hawaii Tours*, 116 F.R.D. at 650. The decision to correct a judgment for mistake or inadvertence, whether made by a party or the court, rests in the discretion of the trial court. *Fidelity Fed. Bank, F.S.B.*, 387 F.3d at 1024.

Rule 60(b) contains a catchall provision, found in subsection six, which allows a court to correct a judgment "for any other reason that justifies relief." To qualify for relief under this provision, a party must "establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l of N. Am.*, 448 F.2d 729, 730 (9th Cir. 1971).

*Discussion*

I. **Inadmissibility of Evidence**

   A. *NFPA 921*

AIC alleges that NFPA 921 qualifies as a reliable scientific methodology for determining the origin and cause of a fire for the purposes of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594 (1993). In support of this allegation, AIC references a plethora of federal circuit and district

court cases that have concluded that NFPA 921 qualifies as a reliable scientific methodology. *E.g., Fireman's Fund Ins. Co. v. Canon U.S., Inc.*, 394 F.3d 1057, 1058 (8th Cir. 2005) (holding that NFPA 921 qualifies as a reliable method endorsed by a professional organization for the purposes of *Daubert*). Thus, AIC alleges that this court erred in determining that NFPA 921 does not meet the standard of reliability required by *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 1174 (1999) (determining that *Daubert*'s general holding setting forth the trial judge's general gatekeeping obligation applies not only to testimony based on scientific knowledge but also to testimony based on technical and other specialized knowledge).

AIC has misinterpreted this court's summary judgment opinion. In that opinion, this court did conclude that AIC's exhibit NFPA 921 did not meet the standard of reliability set forth in *Kumho Tires*. Even a cursory reading of the opinion reveals the reason: AIC failed to properly authenticate the exhibit. For instance, the attorney who identified and offered NFPA 921 through his declaration is not a forensic fire investigator and cannot authenticate NFPA 921 nor establish that it is an industry standard. Moreover, AIC's fire investigator, Ryan Fields, does not state in his declaration that NFPA 921 is a generally accepted standard among fire investigators for conducting fire investigations nor does he cross-reference the NFPA 921 document attached to the attorney's declaration. Thus, this court holds once again that AIC's NFPA 921 exhibit does not meet the standard of reliability set forth in *Kumho Tires* and is therefore inadmissible.

        B.    *Failure to Authenticate Exhibits and Establish an Absence of Material Fact*

Most of the exhibits submitted by AIC do not comply with the requirement of FED. R. CIV. P. 56(e) (2010) that admissible evidence be submitted in support of or in opposition to a motion for summary judgment. In *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002), the Ninth Circuit

explained that a trial court may only consider admissible evidence in ruling on a motion for summary judgment. Authentication is a condition precedent to admissibility and is satisfied by evidence that is sufficient to support a finding that the matter in question is what its proponent claims. *Id.* Unauthenticated documents cannot be considered in a motion for summary judgment. *Id.* Regarding documents that are authenticated through personal knowledge, such documents must be "attached to an affidavit that meets the requirements of FED. R. CIV. P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.* at 773-74. Regarding deposition evidence, a "deposition or extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Id.* at 774.

In this case, AIC's counsel attempted to authenticate an Internet printout of the signs and symptoms of "Central Nervous System Vasculitis" ("AIC's Ex. C"), which was attached to the January, 12, 2010 Pierson declaration. However, AIC's counsel provided no facts in his declaration that established his competence to testify as to the medical information that AIC's Ex. C purports to contain or which otherwise establish the admissibility of AIC's Ex. C. as required by FED. R. CIV. P. 56(e). Furthermore, AIC submitted deposition excerpts that did not include a court reporter's certification that the deposition was a true record of the testimony of the deponent.

Moreover, AIC's failure to provide the court with admissible evidence makes it impossible for AIC to succeed at summary judgment. Summary judgment is appropriate only when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2) (2010). The moving party bears the initial burden of showing "the absence of a genuine issue concerning any material fact." *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 159 (1970). The moving party satisfies its burden by offering the district court the portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Because AIC has not provided the court with any admissible evidence, AIC cannot meet its initial burden of demonstrating the absence of a genuine issue of material fact.

Despite the inadmissibility of AIC's evidence, the court again addresses the merits of the summary judgment motion because, as explained below, even assuming the admissibility of AIC's evidence, summary judgment is inappropriate.

## II.    Cause of the Fire

AIC alleges that there is no genuine issue of fact regarding the cause of the fire and asserts that the district court erred in denying AIC's Motion for Summary Judgement for two reasons. First, AIC asserts that Defendants have conceded that NFPA 921 is a recognized methodology for determining the origin and cause of a fire. Moreover, NFPA 921 specifically recognizes that the absence of evidence of a fire's ignition source after a fire does not preclude the determination of a fire's cause. Thus, AIC argues that DeHart's conclusion that the cause of the fire was indeterminable because the source of an open flame could not be identified is insufficient to controvert Fields's expert opinion and to show that a genuine issue of material fact exists. Second, AIC alleges that by erroneously ignoring the fact that NFPA is a reliable method for determining the cause of a fire, the court further erred in determining that Fields's expert opinion was too conclusory because specific provisions of NFPA 921 bear directly on that determination.

AIC's arguments are unpersuasive for several reasons. First, although the parties agree that the *origin* of the fire was in the immediate vicinity of a small couch positioned against the south wall

of the living room inside Unit 202, a factual dispute clearly exists as to the *cause* of the fire. AIC argues that the fire was caused by Decker's careless smoking, which ignited the small couch near the south wall. Defendants argue that there is a question of fact as to the cause of the fire. DeHart stated that after two days of investigation, neither he nor his staff were able to determine the cause of the fire on a "more likely than not" basis, nor could they find an evidence of smoking paraphernalia at or near the location where the fire originated. Fields disagreed with DeHart and stated that "more likely than not this fire was the result of careless smoking by Dedrea [sic] Decker which ignited the small couch near the south wall of the living room," (Fields Decl. ¶ 8b.)

Second, while Defendants agree that NFPA 921 is *a* methiod for determining the cause of a fire, they have not conceded that it is the *only* reliable method or that the method was employed and followed *exactly* by the Fire Department. Thus, AIC has no basis for asserting that DeHart's conclusion that the source of the fire is indeterminable is insufficient to controvert Fields's expert opinion.

Finally, in the Ninth Circuit, an expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the factual basis for the opinion is stated in the affidavit. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1008 (9th Cir. 2007). An expert's conclusory allegations are not sufficient to withstand a motion for summary judgment. *Id.* In AIC's case, Fields's declaration is conclusory because it provides no factual basis for the assertion that Decker was smoking at the time of the fire, that she was smoking carelessly at that precise time, or that her allegedly careless smoking caused the fire. Moreover, the admission of NFPA 921 would not change this outcome. Although NFPA 921 offers a detailed account of the procedures Fields used, it does not provide the factual basis that is missing from Fields's declaration.

Thus, this court holds that Fields's opinion regarding the cause of the fire is inadmissible. The court expresses no opinion on the admissibility of Fields's opinion if offered at trial with proper foundation and support in the record.

For all of these reasons, this court finds that a genuine issue of fact exists as to the cause of the fire and that summary judgment is therefore inappropriate. Accordingly, this court affirms its prior ruling.

*Conclusion*

AIC's motion for reconsideration (#19) is DENIED.

DATED this 3rd day of December 2010.

JOHN V. ACOSTA
United States Magistrate Judge